UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2004-4,<br><br>       Plaintiff,<br><br>   v.<br><br>PHILIP RILEY, RICHARD BURILL, JOYCE WILSON, GLEN KUDER; and DOES 1 to 20, inclusive,<br><br>       Defendant. | No. 2:12-cv-0761-MCE-JFM<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

Plaintiff Deutsch Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2004-4 ("Plaintiff"), filed this unlawful detainer action in the Superior Court of the State of California, County of Siskiyou, Yreka Branch, on February 21, 2012.  On or about March 26, 2012, Defendant Glenn Michael Kuder ("Defendant") removed the action to this Court, allegedly pursuant to 28 U.S.C. § 1332.  Presently before the Court is Plaintiff's Motion to Remand ("Motion").

///

1

For the following reasons, Plaintiff's Motion is GRANTED.[1]

## BACKGROUND

Defendant owned certain real property located at 642 Main Street in Etna, Siskiyou County, California.  After Defendant defaulted on the note and deed of trust which encumbered that property, Plaintiff purchased the premises at a non-judicial foreclosure sale held on February 23, 2009.  On February 27, 2009, title pursuant to the sale was perfected in Plaintiff by the recording of a Trustee's Deed upon Sale in the official records of Siskiyou County.  Plaintiff subsequently served, on November 14, 2011, a written notice to quit and deliver up possession to Defendant, along with others who purported to possess an interest in the property.  When Defendant failed to relinquish possession of the premises within 60 days after service of the notice to quit, Plaintiff filed a Complaint for Unlawful Detainer on February 21, 2012 in the Yreka Branch of the Superior Court of California, County of Siskiyou.  That Complaint alleges that Defendant, among others, continues to remain in possession of the property without Plaintiff's permission or consent.  The Complaint is made in accordance with California Code of Civil Procedure § 1161a, which governs the possession of residential real property after sale or foreclosure of such property.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 230(g).

2

See Complaint for Unlawful Detainer, Siskiyou County (Yreka Branch) Limited Civil Case No. 12-00224, attached as Ex. A to the Decl. Of Richard Sontag.  Plaintiff's Complaint for Unlawful Detainer states plainly in the Caption that the "Amount Demanded Does Not Exceed $10,000".  Id.  Defendant nonetheless proceeded to remove Plaintiff's Complaint for Unlawful Detainer to this Court on March 26, 2012, citing both diversity jurisdiction as well as jurisdiction founded on a federal question.  As to the latter claim, Defendant alleges that Plaintiff's complaint implicates federal securities laws that must necessarily be litigated in federal court.  Through the present Motion, Plaintiff seeks an order of remand.  As set forth below, that Motion will be granted.

**STANDARD**

A defendant may remove any civil action from state court to federal district court if the district court has "original jurisdiction" over the matter.  28 U.S.C. § 1441(a).  Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties and the amount in controversy exceeds $75,000; or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty.  28 U.S.C. §§ 1331 and 1332.

Courts construe the removal statute strictly against removal.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).

3

Therefore, if there is any doubt as to the right of removal in the first instance, remand must be granted. See id. Furthermore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court as well. 28 U.S.C. § 1447(c).

## ANALYSIS

Defendant contends removal is proper here under the Court's diversity jurisdiction. According to Defendant, the amount in controversy is met because the value of the real property underlying the unlawful detainer action exceeds that amount. See Def.'s Opp'n, 3:10-13. Defendant is wrong. First, as indicated above, Plaintiff's Complaint for Unlawful Detainer expressly seeks no more than $10,000 in damages. Because unlawful detainer actions contest the right to possession of the property, not title to the property, the actual amount in controversy here is comprised primarily of holdover damages. See Federal Nat. Mortg. Ass'n v. Lofton, 2011 WL 3739547, *3 (N.D. Cal.). Those damages in the instant matter are estimated at some $50.00 per day from January 16, 2012 and continuing for each day that Defendant continues in possession of the property through. That figure was well under $5,000.00 at the time this matter was removed on March 26, 2012. Accordingly, the amount in controversy requirement has not been met.

///
///

4

1    Moreover, even if Defendant was correct as to the amount in
2 controversy, which he is not, as a local defendant he is
3 precluded from removing the instant action to this Court on
4 diversity grounds.  28 U.S.C. § 1441(b) (Actions removed pursuant
5 to the Court's diversity jurisdiction are "removable only if none
6 of the parties in interest properly joined and served as
7 defendants is a citizen of the State in which such action is
8 brought.").  Remand is therefore required for that reason as
9 well.
10   Finally, with respect to Defendant's argument that this case
11 implicates a federal question and can also be removed on that
12 basis, Plaintiff's Complaint shows plainly on its face that it is
13 nothing more than a simple unlawful detainer action.  This court
14 has no jurisdiction over such actions, which are solely within
15 the province of the state court.  The fact that Defendant appears
16 to argue various securities laws as a defense to the unlawful
17 detainer does not change the analysis because defenses and
18 counterclaims cannot provide a sufficient basis to remove an
19 action to federal claim.  See Berg v. Leason, 32 F.3d 422, 426
20 (9th Cir. 1994); FIA Card Servs. v. McComas, 2010 WL 4974113
21 (S.D. Cal. Dec. 2, 2010) (remanding action removed by defendant
22 on the basis that defendant's counterclaim raised a federal
23 question).  Instead, removal of a state court action is proper
24 only if the action originally could have been filed in federal
25 court.  28 U.S.C. § 1441.
26 ///
27 ///
28 ///

5

1  "[F]ederal courts have jurisdiction to hear, originally or by
2  removal, only those cases in which a well-pleaded complaint
3  establishes either that federal law creates the casuse of action,
4  or that the plaintiff's right to relief necessarily depends on
5  resolution of a substantial question of federal law." <u>Franchise</u>
6  <u>Tax Board v. Construction Laborers Vacation Trust</u>, 463 U.S. 1,
7  27-28 (1983).  Here, as already indicated, the present unlawful
8  detainer action is expressly grounded on California statutory
9  authority, has nothing to do with federal law, and could not have
10 been brought in federal court.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Remand (ECF No. 4) is GRANTED.  The Clerk of the Court is directed to remand this case to the originating state court, the Superior Court of the State of California in and for the County of Siskiyou, for final adjudication.  The Clerk shall thereafter close the case in this Court.

IT IS SO ORDERED.

Dated: June 13, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE